1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOPHAT TES,

            Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
STATE, *et. al.*,

            Defendants.

Case No. 2:17-cv-00175-RAJ

ORDER

15

## I.    INTRODUCTION

16
17

This matter is before the Court on Plaintiff's Motion to Produce Complete Administrative Record.  Dkt. # 28.

18

## II.    BACKGROUND

19
20
21
22
23
24
25
26
27

This is an APA action where Plaintiff challenges the U.S. Citizenship and Immigration Services' (USCIS) decision to revoke Form I-130 Petitions filed on behalf of his purported wife and her two daughters.  Dkt. # 14 at 2.  Plaintiff claims that there is missing information from the produced administrative record, including notes that were relied upon in revoking the petitions.  Dkt. # 28 at 5 (referencing "refusal notes").  In responding to the motion, Defendants attach a partially-redacted eleven-page document consisting of three State Department memoranda that were considered in adjudicating Plaintiff's I-130 petitions. Dkt. # 33 at 9; Dkt. # 34-1. Defendants claim that this supplemental material completes the record. Dkt. # 33 at 12. Defendants also claim that

28

ORDER – 1

the motion should be stricken for failure to adhere to this Court's meet-and-confer requirement. *Id*. at 7. Plaintiff did not file an reply brief in response to the motion.

## III. DISCUSSION

The administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *see also Portland Audubon Soc'y v. Endangered Species Cmte*., 984 F.2d 1534, 1548 (9th Cir. 1993) ("When it appears the agency has relied on documents or materials not included in the record, supplementation is appropriate."). A petitioner shall be permitted to inspect the record of a proceed which constitutes the basis for a decision, subject to certain exceptions. 8 C.F.R. § 103.2. On the record before the Court, it appears that Defendants have made a supplemental disclosure encompassing Plaintiff's request, subject to redactions made pursuant to the "law enforcement privilege." Dkt. # 33 at 9-12; *see also* Dkt. # 35 (detailing documents that were not considered in the decision-making process and therefore not produced). Although neither recognized nor rejected by the Ninth Circuit, the law enforcement privilege allows agencies to keep information related to law enforcement techniques and procedure from disclosure. *See, e.g*., *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 64 (1st Cir. 2007) (recognizing a qualified privilege for law enforcement techniques and procedures); *In re Dep't of Investigation of the City of N.Y*., 856 F.2d 481, 483–84 (2d Cir. 1988). Because Plaintiff does not challenge the assertion of the law enforcement privilege, the Court accepts Defendants' explanation for the redactions and finds the parties' issue resolved. Accordingly, the Court **DENIES** Plaintiff's motion as moot.

As Defendants aver, this is the type of issue that could have easily been resolved without judicial intervention. Dkt. # 33 at 7. Both parties are hereby on notice that any subsequent motion that fails to comply with the meet and requirement will be stricken.

ORDER – 2

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion as moot.  Dkt. # 28.

DATED this 20th day of May, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3