UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOPHAT TES,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
STATE, et al.,

        Defendants.

Case No. 2:17-cv-00175-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment. Dkt. ## 39, 40. Having reviewed all papers filed in support of and in opposition to each motion, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' cross-motion for summary judgment.

## II.  BACKGROUND

Sophat Tes, a naturalized U.S. citizen, seeks review under the Administrative Procedure Act (APA) of U.S. Citizenship and Immigration Services's ("USCIS")

ORDER – 1

revocation of three Form I-130 Petitions for Alien Relatives filed on behalf of his wife Pov Chhoeun and her two daughters. By filing the I-130 Petitions, Tes sought to qualify Chhoeun and her daughters for visas authorizing them to immigrate to the United States as his "immediate relatives." CAR 52.[1] USCIS initially approved the three I-130 Petitions in 2015. CAR 52; RC_CAR 16; SC_CAR 16. In 2016, the State Department interviewed Tes and Chhoeun twice at the U.S. Consulate in Phnom Penh. Dkt. # 34-1. Consulate officers determined Tes and Chhoeun provided "widely discrepant answers" about key aspects of their relationship, including the time period in which they met, their financial transactions, their wedding and engagement expenses, and their intimacy. *Id.* Officers specifically noted that Chhoeun testified that the couple "[knew] each other since 1998 because [they were] from the same village in Battambang province," but Tes testified to first meeting Chhoeun in 2009 and had not known her before that time. CAR 1296. Chhoeun also told the State Department that $700 was the greatest amount that Tes had sent her, but Tes claimed he had sent more than double that, $1,500, on several occasions. *Id.* The two similarly diverged in their responses to money spend on their engagement and wedding. CAR 1377.

The U.S. Embassy returned the visa petition because Tes and Chhoeun failed to convince the consular office of a bona fide marital relationship. In April 2017, USCIS issued a Notice of Intent to Revoke ("NOIR") its prior approvals of the three I-130 Petitions. CAR 1396-98, 1400-02, 1404-06. The NOIR reasoned that the petitioner had not shown that a valid marriage existed. CAR 1396-98. USCIS cited the specific discrepancies between Tes and Chhoeun's answers during their June 2016 State Department interview as well as Chhoeun's struggle during a 2014 interview to explain when and why her romantic relationship with Tes began. *Id.* In July 2017, USCIS revoked

[1] Citations to CAR refer to the Certified Administrative Record for beneficiary Pov Chhoeun on file with the Clerk of Court. Dkt. # 22. The separate Certified Administrative Records for Ms. Chhoeun's daughters are refer to by their initials, RC_CAR __ and SC_CAR __.

the I-130 Petition approvals. CAR 17-21; RC_CAR 10-11; SC_CAR 10-11.

In April 2018, USCIS re-opened the I-130 Petitions for reconsideration in light of about 1,700 additional pages that Tes had submitted in June 2017 as evidence of his bona fide marriage. CAR 11-12. The 1,700 pages included the following: (1) affidavits from family members; (2) photographs; (3) money transfer receipts; and (4) call records. Tes also submitted a letter of clarification regarding the 2016 interview and later provided additional materials in June 2018. CAR 4, 1410. In July 2018, after considering the additional documents, USCIS rendered its final decision revoking the I-130 Petition approvals. CAR 3-6. USCIS found that the additional evidence did not "overcome the inconsistencies" in 2016 interview responses, nor did it "point to where the answers to the inconsistencies may be found." CAR 5. This challenge to USCIS's decision followed.

### III.  LEGAL STANDARD

Summary judgment is proper if the pleadings, discovery, affidavits and disclosure materials on file show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c) (as amended December 1, 2010). However, in cases challenging final agency action, a district court's role is different. *See, e.g.*, *Occidental Engineering Co. v. INS*, 753 F.2d 766 (9th Cir.1985). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006).

Accordingly, the Court will only set aside an agency's action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or if its factual findings are "unsupported by substantial evidence," *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989). An agency's findings should not be set aside under the APA's deferential standard "unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." *Id.* (quoting *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003), amended by 339 F.3d 1012 (9th Cir. 2003)). Even if

the Court comes to a different conclusion based on the record evidence, under the APA standard, it may not "substitute its judgment for that of the agency." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 556 (9th Cir. 2000).

## IV. DISCUSSION

The revocation of an approved petition must occur for "good and sufficient cause." 8 U.S.C. at § 1155; *Koth v. US Dep't of Homeland* Security, 656 Fed.App'x 321 (9th Cir. 2016). The Court reviews USCIS's revocation decision for abuse of discretion. *Id.*; *Herrera v. U.S. Citizenship & Immigration Servs.*, 571 F.3d 881, 883 (9th Cir. 2009). The factual question of whether the parties "entered into the qualifying marriage in good faith" is reviewed for substantial evidence. *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004); *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir. 1975) (noting the central inquiry is whether the couple intends to establish a life together at the time of their marriage).[2]

USCIS's decision to revoke the I-130 Petitions cited four "matters" involving testimony from Tes and Chhoeun during their 2016 and 2014 State Department interviews. CAR 3-6. First, Tes and Chhoeun gave conflicting accounts of when they first met. She said they met in 1998 and were "just friends and neighbors" until 2009. CAR 1396. Chhoeun added that she met him "again" when he visited Cambodia from the United States in 2009. *Id.* Tes claimed that they first met in 2009, when his mother introduced them: "I never knew her before," he testified. *Id.* Second, Chhoeun told the State Department that Tes spent $2,000 on engagement expenses and $3,000 on wedding costs. CAR 4-5, 1396. Tes gave a conflicting account, claiming that he spent only $300 on the engagement and $1,000 (or $1,500) on the wedding. *Id.* The third matter involved testimony about the greatest amount of money that Tes had sent to Chhoeun at one time. CAR 4-5, CAR 1396.

---

[2] Tes argues extensively that, because marriage is a fundamental right, the revocation of an I–130 petition must be subject to strict scrutiny, and the government must bear the burden of proving the marriage is not bona fide. This argument has been explicitly rejected by the Ninth Circuit and warrants no further discussion. *See Koth v. US Dep't of Homeland Security*, 656 Fed.App'x 321 (9th Cir. 2016).

ORDER – 4

She said it was $700. *Id.* He said it was more than twice that, $1,500. *Id.* The final matter occurred during Chhoeun's 2014 interview, during which USCIS claims that she was unable to say when or explain why she loved Tes. CAR 5; CAR 1397. Later in the interview, she claimed that it was in 2010 because he had sent money for her daughters to study. *Id.* However, there was no evidence in the record that Tes had sent money to Chhoeun in 2010.

USCIS found that the additional evidence submitted in response to the NOIR only created fresh discrepancies. For instance, Chhoeun tried to clarify that when she claimed to know Tes since 1998, she meant that she had "heard this name and have seen sometime[s]." CAR 1412. USCIS found this explanation lacking because it contradicted her 2016 interview testimony in which she claimed they had been "friends" before 2009. CAR 4. Affidavits from his uncle, son, and wedding guests failed to resolve the discrepancy. CAR 1427-28, 1430, 1434. USCIS also found that subsequent evidence of their engagement and wedding expenses totaling $3,000 contradicted their claim that the wedding expenses came to $4,500. USCIS likewise found the additional evidence had little probative value in resolving the remaining two matters and ultimately determined that Tes had not met his burden to establish the claimed benefit. CAR 4-5.

The Court concludes that USCIS did not act arbitrarily or capriciously in revoking the I-130 petitions. The record shows that USCIS identified substantial and probative evidence that called into question the legitimacy of the marriage. USCIS also found that inconsistencies on key issues went unresolved even after taking new evidence into account. Accordingly, the Court finds that USCIS's determination that the record evidence failed to show the marriage was bona fide is supported by the evidence. Even if the additional evidence submitted by Tes permitted two interpretations of the facts surrounding Tes' marriage to Chhoeun, the Court cannot say that it compels a contrary conclusion.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for summary

ORDER – 5

judgment and **GRANTS** Defendants' cross-motion for summary judgment.  Dkt. ## 39, 40.

DATED this 24th day of February 2020.

_____
The Honorable Richard A. Jones
United States District Judge